UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA SINCLAIR,<br><br>                Plaintiff,<br>   v.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign insurer,<br><br>                Defendant. | CASE NO. 3:22-cv-05263-DGE<br><br>ORDER DENYING MOTION TO REMAND |

      This matter comes before the Court on Plaintiff Sandra Sinclair's motion to remand this case to the Pierce County Superior Court. (Dkt. No. 7.) Defendant USAA Casualty Insurance Company ("USAA") opposes Plaintiff's motion. (Dkt. No. 8.)

      Having considered Plaintiff's motion, Defendant's response, the exhibits and declarations attached thereto, and the remainder of the record, the Court DENIES Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a motor vehicle collision involving Plaintiff that occurred on September 26, 2017. (Dkt. No. 1-2 at 4.) Plaintiff alleges that she incurred $27,630.74 in medical expenses due to this collision. (*Id*.) Plaintiff contends that she held an automobile insurance policy issued by USAA that provided Personal Injury Protection ("PIP") coverage. (*Id*.) Plaintiff alleges that USAA initially acknowledged and accepted PIP coverage for Plaintiff arising out of the September 26, 2017 collision, but only paid $3,243.22 in medical expenses out of the $27,630.74 incurred. (*Id*.)

On April 28, 2020, Plaintiff filed a lawsuit against the at-fault driver in the collision, and on November 20, 2020, Plaintiff obtained an arbitration award totaling $74,325.72, including the full amount of the medical expenses stemming from the collision, $27,630.74. (*Id*. at 5.)

Plaintiff contends that USAA eventually agreed to begin paying Plaintiff's medical bills stemming from the September 26, 2017 collision in July 2021, but issued a stop payment on the checks a few weeks later. (*Id*. at 6.) Plaintiff alleges that on October 15, 2021, USAA informed her that it was not obligated to provide coverage for the injuries she sustained in the collision. (*Id*.)

On March 2, 2022, Plaintiff filed a complaint in the Pierce County Superior Court asserting several causes of action against USAA, including: 1) Breach of Good Faith Duty, 2) Breach of Fiduciary Duty, 3) Breach of the Insurance Fair Conduct Act, 4) Breach of the Consumer Protection Act, and 5) Breach of Contract. (*Id*. at 6-7.)

In her complaint, Plaintiff sought: 1) special damages for unpaid medical expenses of $24,387.52, 2) "treble of Plaintiff's damages", 3) court costs, including reasonable attorney fees, 4) prejudgment interest, and 5) a declaratory judgment that USAA's breaches "act as a discharge

as a matter of law of any and all of its claims for subrogation and/or reimbursement arising out of the automobile collision described herein." (*Id*. at 7-8.)

On April 19, 2022, Defendant USAA filed a notice of removal with this Court. (Dkt. No. 1.) On May 19, 2022, Plaintiff filed the instant motion to remand this case to the Pierce County Superior Court, arguing that this Court lacks subject matter jurisdiction over this claim because the amount in controversy does not exceed $75,000.00. (Dkt. No. 7.) Defendant responded to Plaintiff's motion (Dkt. No. 8) and Plaintiff replied. (Dkt. No. 9.)

## II.   DISCUSSION

### A.  Legal Standard

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a).

One such basis for removal is diversity jurisdiction, which exists if the suit is brought between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

On a motion to remand, in cases where the state court complaint does not specify a particular amount in damages, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996).

### B. Plaintiff's Argument

Plaintiff contends that it is not "facially evident" from her complaint that the amount in controversy in this case exceeds $75,000.00. (Dkt. No. 7 at 3-4.) Plaintiff contends that her complaint in the Pierce County Superior Court does not seek a specific dollar amount, and even though the damages sought include treble damages and attorney's fees pursuant to Revised Code of Washington 48.30.015, USAA cannot calculate an amount more than $75,000 without speculating about attorney fees. (Dkt. No. 9 at 2.)

### C. Defendant's Position

In its notice of removal, Defendant USAA argues that Plaintiff is seeking to recover $24,387.52 in unpaid medical expenses, treble damages under the Washington Insurance Fair Conduct Act ("IFCA"), and treble damages in an amount up to $25,000 for violation of the Washington State Consumer Protection Act ("CPA"). (Dkt. No. 1 at 3.)

Defendant further contends that Plaintiff's complaint seeks to recover reasonable attorney fees and prejudgment interest, and a declaration that "any and all subrogation and reimbursement claims" by USAA CIC be "discharged". (*Id*.) Defendant interprets this as a reference to the amount paid under PIP for Plaintiff's medical treatments, which is $3,243.22. (*Id*.)

Defendant contends that when trebled under Plaintiff's IFCA cause of action, Plaintiff's claimed damages of $24,387.52 rise to $73,162.56. (*Id*. at 4.) Defendant argues that when USAA's subrogated interest in the amount of $3,243.22 is added, the amount in controversy totals $76,405.78. (*Id*.) Adding to this statutory maximum damages of $25,000.00 under the CPA, the total amount in controversy, according to Defendant, is $101,405.78. (*Id*.)

ORDER DENYING MOTION TO REMAND - 4

### D. Analysis

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Abrego Abrego*, 443 F.3d at 682–683. Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir.1997). Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Abrego Abrego*, 443 F.3d at 683.

When the amount in controversy is not "facially apparent" from the complaint, the court may consider facts in the removal petition in determining whether the amount in controversy exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377. In cases involving diversity jurisdiction, the jurisdictional minimum may be satisfied by claims of general and specific damages, attorney fees when authorized by an underlying statute, and by punitive damages. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir.2001); *Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–1156 (9th Cir.1998).

Here, the Court finds that it is not apparent from the face of the complaint that the matter in controversy exceeds $75,000. However, the Court finds no obvious error with either Defendant's reasoning or calculation in determining the amount in controversy.

IFCA "creates a private cause of action to a first-party claimant who has been unreasonably denied insurance coverage and provides for treble damages and an attorney fee award." *Rain v. Ameriprise Auto & Homes Ins. Agency, Inc.*, No. C14-5088RJB, 2014 WL 1047244, at *3 (W.D. Wash. Mar. 18, 2014); Revised Code of Washington 48.30.015(2)-(3).

1    Plaintiff has filed an IFCA claim, and her complaint specifically requests treble damages, raising

2    the amount in controversy from $24,387.52 to $73,162.56.  (Dkt. No. 1-2 at 7-8.)

3          Plaintiff has also filed a claim under the Washington CPA.  (*Id.*)  Under the CPA, a

4    plaintiff may seek reasonable attorney fees, along with treble damages up to $25,000.00.

5    Revised Code of Washington § 19.86.090.  Again, Plaintiff specifically requests treble damages,

6    which presumably includes treble damages up to $25,000 under Plaintiff's CPA claim.  Thus,

7    together the IFCA and CPA causes of action raise the amount in controversy to more than the

8    jurisdictional minimum without considering any potential subrogated interest.

9          While Defendant anticipates that Plaintiff's attorney fees will run into "at least five

10   figures", the Court need not include attorney fees since, for reasons discussed above and in

11   Defendant's removal petition, the amount in controversy exceeds $75,000.00 even without

12   attorney fees.

13         Accordingly, the Court finds that Defendant has met its burden of establishing that the

14   amount in controversy in this case exceeds $75,000.00.

### III.   ORDER

16         Having considered Plaintiff's Motion, Defendant's Response, the exhibits and

17   declarations attached thereto, and the remainder of the record, the Court finds and ORDERS:

18         (1) Plaintiff's Motion to Remand (Dkt. No. 7) is DENIED.

20         Dated this 4th day of August, 2022.

David G. Estudillo
United States District Judge