UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA SINCLAIR, a single person,<br><br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | NO. 3:22-cv-05263-DGE<br><br>JOINT STIPULATION *AND* STIPULATED MOTION FOR CONTINUANCE OF TRIAL DATE AND AMENDMENT OF SCHEDULING ORDER |

Pursuant to this Court's August 25, 2022 Order Setting Jury Trial and Pretrial Dates, Dkt. 14, and Fed. R. Civ. P. 16(b)(4) Plaintiff Sandra Sinclair and Defendant USAA Casualty Insurance Company, by and through their respective counsel of record, hereby jointly move this Court to continue the trial date for approximately eight months from September 11, 2023, to **May 28, 2024** and amend the order setting pretrial deadlines in accordance with the continued trial date. There are two primary reasons for the requested continuance. First, Defendant attempted to send expert disclosures to Plaintiff on March 6, 2023 in compliance with the deadline, but Plaintiff did not receive Defendant's expert disclosure until April 3rd, just the day before the deadline to disclose

rebuttal witnesses, which clearly prejudiced Plaintiff and prevented timely disclosure of a rebuttal expert. In addition, Defendant has still not provided discovery documents that were addressed at the parties' discovery dispute hearing on April 5, 2023, and that were initially requested back on December 12, 2022. Given the circumstances, the parties agree that a trial continuance is necessary to avoid prejudice to the parties, allow time for additional and necessary discovery, and allow the parties to full prepare for trial and engage in a meaningful mediation before trial.

## FACTS

On March 31, 2023, counsel for Defendant USAA Casualty Insurance Company attempted to send counsel for Plaintiff an email with an attachment that included Defendant's expert disclosures.[1] This email was "kicked-back" due to the attachment.[2] Counsel for Defendant then advised counsel for Plaintiff that this email had originally been sent to Plaintiff's counsel on March 6, 2023 in accordance with the expert disclosure deadline, but it was not in fact received. In fact, it was not until April 3, 2023 that Plaintiff's counsel was able to access Defendant's expert disclosures - one day before the deadline for disclosing rebuttal experts - clearly prejudicing Plaintiff's ability to adequately prepare rebuttal experts, conduct discovery depositions of Defendants' experts, and otherwise timely prepare for trial.[3]

---

[1] Declaration of Patrick R. West In Support of Joint Stipulation And Stipulated Motion For Continuance Of Trial Date And Amendment Of Scheduling Order ("West Decl."), **Exhibit A**, Email Correspondence Between Counsel.

[2] Id.

[3] Id. at p.

In addition, on December 12, 2022, Plaintiff sent discovery requests to Defendant requesting multiple documents, including but not limited to contract documents and correspondence between Defendant and Auto Injury Solutions, Inc. ("AIS").[4] Defendant did not identify or provide the specific documents that Defendant USAA sent to AIS for Plaintiff Sandra Sinclair's PIP claim.[5] In fact, the only documents that were provided from AIS were the final AIS reports that had previously been provided to Plaintiff before litigation commenced. The parties exchanged correspondence regarding this discovery issue and ultimately appeared before the Court on April 5, 2023 to address these issues, but they are still pending.[6] Further, the Plaintiff subpoenaed AIS for these same documents, but AIS has also not timely provided these documents.[7]

## ARGUMENT AND AUTHORITY

This court may modify its case schedule if it finds good cause to do so. Fed R. Civ. P. 16(b)(4). The decision to grant or deny a requested continuance lies with the broad discretion of the district court, and will not be disturbed on appeal absent a clear abuse of discretion. *United States v.* Flynt, 756 F.2d 1352, 1358, *as amended*, 764 F.2d 675 (9th Cir. 1985). The relevant factors for appellate review of an order granting or denying

---

[4] Id., **Exhibit B**, Plaintiff's First Interrogatories and Requests For Production of Documents to Defendant USAA Casualty Insurance Company.

[5] Id, **Exhibit C**, Defendant USAA Casualty Insurance Company's Response To Plaintiff's Interrogatories Set One; **Exhibit D**, Defendant USAA Casualty Insurance Company's Response To Plaintiff's Requests For Production – Set One.

[6] Id., **Exhibit E**, Counsel's Correspondence Re: Discovery Dispute.

[7] Id., **Exhibit F**, Subpoena to AIS, Declaration of Service, and Email Correspondence Between Plaintiff's Counsel and AIS Counsel.

a motion for continuance are: (1) diligent efforts by the parties requesting continuance; (2) usefulness of the continuance requested; (3) inconvenience of continuance to other parties and (4) prejudice to requesting party caused by a denial of the requested continuance. *Id.*

Plaintiff and Defendant both made diligent attempts to engage in discovery. Both parties have propounded interrogatories and requests for production, taken depositions, and disclosed experts in this case, but the fact that Defendant's expert disclosure was not actually received by Plaintiff until one day before the deadline for disclosure of rebuttal witnesses has clearly prejudiced the Plaintiff. In addition, the discovery issues that have not been fully resolved yet will likely require additional discovery that cannot be completed with the current deadline.

Given these reasons and to insure that all parties have ample time to conduct necessary discovery and timely disclose expert reports in compliance with the Court's deadline, the parties agree that a trial continuance and extension of deadlines is appropriate and necessary to prevent either party from being prejudiced. The continuance will also allow time for the parties to meaningful engage in mediation prior to trial. No prior continuances have been requested and the four month continuance will not substantially inconvenience either party

The parties therefore jointly request that a schedule following this table be ordered:

| EVENT | CURRENTLY SCHEDULED DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Disclosure of expert testimony under FRCP 26(a)(2) | March 6, 2023 | |

| | | |
|---|---|---|
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | April 4, 2023 | |
| All motions related to discovery must be filed by | April 14, 2023 | |
| Discovery completed by | May 15, 2023 | |
| All dispositive motions must be filed by | June 13, 2023 | |
| Motions in limine should be filed pursuant to Local Rule CR 7(d)(4) by | August 7, 2023 | |
| Agreed pretrial order filed with the Court by | August 21, 2023 | |
| Pretrial conference will be held by 9:00 AM on | September 1, 2023 | |
| Trial briefs, proposed voir dire, jury instructions, agreed neutral statement of the case and deposition designations due by | August 21, 2023 | |
| **Trial** | **September 11, 2023** | **May 28, 2024** |

## CONCLUSION

For the foregoing reasons, the Parties jointly stipulate to a continuance of the trial date and pretrial deadlines as indicated above, and jointly move the Court for an order continuing the trial date to **May 28, 2024**.

1  DATED this 5th day of May , 2023.

2

3

| | |
|---|---|
| **WEST LAW FIRM, P.S.** | **DKM LAW GROUP, LLP** |
| By: _____<br> Patrick R. West, WSBA No. 41949<br> Attorney for Plaintiff | By: _____<br> Brian R. Davis, WSBA No. 53414<br> Mitchel F. Wilson, WSBA No. 49216<br> Attorneys for Defendant |

## ORDER

Pursuant to the above Stipulated Motion to Continue Trial Date and Related Dates and to Amend Case Schedule, it is hereby ORDERED as follows:

1. Trial in this matter is continued to **May 28, 2024**;

2. The clerk is directed to amend the case schedule as set forth in the parties' foregoing Stipulated Motion.

SO ORDERED this 5th day of May, 2023.

*(signature)*

David G. Estudillo
United States District Judge

1  Presented By:

   **WEST LAW FIRM, P.S.**                    **DKM LAW GROUP, LLP**

   By: _____              By: _____
     Patrick R. West, WSBA No. 41949            Brian R. Davis, WSBA No. 53414
     Attorney for Plaintiff                     Mitchel F. Wilson, WSBA No. 49216
                                                Attorneys for Defendant

JOINT STIPULATION *AND* STIPULATED MOTION FOR CONTINUANCE
OF TRIAL DATE AND AMENDMENT OF SCHEDULING ORDER - 7

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704